# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FELICIA REMBLAKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 10 C 617 |
| | ) |
| COUNTY OF WILL, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss Count VIII. For the reasons stated below, we grant the motion to dismiss Count VIII.

## BACKGROUND

Plaintiff Felicia Remblake (Remblake) alleges she was in custody in the Will County Detention Center (WCDC). Defendant Officer M. Zolecki (Zolecki), Officer L. Tomalieh (Tomalieh), Officer J. Brooks (Brooks), Officer E. Rauba (Rauba), Officer T. Hannigan (Hannigan), Officer E. Castillo (Castillo), Officer King (King), and Officer Brewer (Brewer) allegedly worked as Deputy Sheriffs at the WCDC. Remblake contends that on August 25, 2009, Zolecki, Tomalieh, Brooks, Rauba,

1

Hannigan, and Castillo were called to do a security transfer of Remblake. According to Remblake, the Deputies physically attacked Remblake, sprayed Remblake with pepper spray, and continued to attack her after she was handcuffed. Remblake also contends that on February 21, 2010, she was again physically attacked by Zolecki, Rauba, King, and Brewer. Remblake contends that on both occasions the force used by the Deputies was unprovoked, unreasonable, and excessive.

Remblake includes in her second amended complaint excessive force claims brought pursuant to 42 U.S.C. § 1983 (Section 1983) against Zolecki, Tomalieh, Brooks, Rauba, Hannigan, and Castillo (Count I), Section 1983 failure to intervene claims brought against Zolecki, Tomalieh, Brooks, Rauba, Hannigan, and Castillo (Count II), Section 1983 excessive force claims brought against Zolecki, Rauba, King, and Brewer (Count III), Section 1983 failure to intervene claims brought against Zolecki, Rauba, King, and Brewer (Count IV), a *Monell* claim brought against Defendant Sheriff of Will County (Count V), an indemnification claim (Count VI), battery claims (Count VII), negligent infliction of emotional distress claims (Count VIII), intentional infliction of emotional distress claims (Count IX), and failure to provide medical care claims (Count X). Defendants now move to dismiss the negligent infliction of emotional distress claims in Count VIII.

2

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(stating that the tenet is "inapplicable to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that contains factual allegations that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).

## DISCUSSION

Defendants contend that the Illinois Tort Immunity Act bars negligence-based claims and thus bars the negligent infliction of emotional distress claims brought by Remblake in Count VIII in the instant action. The Illinois Tort Immunity Act provides that "[a] public employee is not liable for his act or omission in the

3

execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." 745 ILCS 10/2-202. Remblake, in her second amended complaint alleges in Count VIII that Defendants "committed negligent acts. . . ." (SA Compl. Ct. VIII Par. 64). To the extent that Remblake is basing Count VIII on negligence by Defendants, the claims are barred by the Illinois Tort Immunity Act. 745 ILCS 10/2-202; *see also Miller v. Womak*, 2010 WL 2522994, at *1 (C.D. Ill. 2010)(explaining that "a negligence claim is barred by the Illinois Tort Immunity Act").

Remblake contends that she also alleges in Count VIII that Defendants' acts and omissions "constitute willful and wanton conduct." (SA Compl. Ct. VIII Par. 65). However, Illinois courts have not recognized a tort for willful and wanton misconduct. Remblake cites only *Guerra v. Hunger*, 1998 WL 246399 (N.D. Ill. 1998) to support her position that she can separately plead a wilful and wanton misconduct claim. (Ans. 3). In *Guerra*, the court held that a negligent infliction of emotional distress claim should not be dismissed since the plaintiff alleged wilful and wanton misconduct. 1998 WL 246399 at *5. However, *Guerra* is not controlling precedent. Remblake fails to cite any Seventh Circuit precedent or any Illinois state court ruling that recognizes an independent claim for willful and wanton misconduct or willful and wanton infliction of emotional distress in circumstances such as the

4

instant action. In fact, the Illinois Supreme Court has specifically stated that "[t]here is no separate and independent tort of 'willful and wanton' misconduct." *Ziarko v. Soo Line R. Co.*, 641 N.E.2d 402, 406 (Ill. 1994); *United States v. County of Cook*, 2008 WL 4345224, at *5 (N.D. Ill. 2008)(explaining that "Section 2-202 does not create a cause of action for willful and wanton conduct" and "[i]t simply preserves whatever liability exists for torts committed willfully and wantonly by public employees"). Therefore, we grant Defendants' motion to dismiss the negligent infliction of emotional distress claims in Count VIII.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion to dismiss the negligent infliction of emotional distress claims in Count VIII.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: September 16, 2010